IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RONALD H. SPEARS, AIS 128218;<br>BROOKS BISHOP, AIS 151445;<br>ALONZO HURTH, AIS 134950;<br>LARRY SINGLETARY, AIS 136981; and<br>GREGORY TOWNER AIS 160867,<br><br>Plaintiffs,<br><br>vs.<br><br>NAPHCARE, INC., an Alabama corporation;<br>and ALABAMA DEPARTMENT OF<br>CORRECTIONS, by and through Michael<br>W. Haley, Commissioner,<br><br>Defendants. | **ENTERED**<br>MAR 3 1 2004<br><br>Civil Action Number<br>02-C-1517-W |

**MEMORANDUM OPINION ON NAPHCARE'S
MOTION FOR SUMMARY JUDGMENT**

Defendant NaphCare, Inc. ("NaphCare") has moved for summary judgment on all claims brought by the inmate Plaintiffs.

Based on the undisputed facts which follow, the Court concludes that NaphCare is entitled to judgment as a matter of law on all of the claims of two of the Plaintiffs. It is not entitled to summary judgment on the claims of the remaining Plaintiffs.

I. Background of the Litigation

All of the Plaintiffs are inmates in the Alabama Department of Corrections system. In this lawsuit filed in 2002, they claim that the Defendants have been deliberately indifferent

to their medical needs, in violation of the Eighth Amendment to the United States Constitution.[1] They seek to compel the Alabama Department of Corrections ("ALDOC") and NaphCare to provide them "immediate and appropriate medical examination and treatment."

Defendant NaphCare, Inc. is "a for-profit domestic corporation contractually empowered to control and provide medical examination and treatment to persons incarcerated in Alabama correctional facilities." (*Id.* at p. 9.)

The Court has denied certification of the case as a class action for failure of the named Plaintiffs to meet the requirements of F.R.Civ.P. 23 (a)(4).

Plaintiffs' original complaint sought only injunctive relief from NaphCare. On July 11, 2003. the Court granted leave to Plaintiffs to amend complaint to add monetary damages on July 11, 2003. The complaint was amended on December 23, 2003.[2]

On November 3, 2003, NaphCare was replaced as the healthcare provider for the Alabama prison system.

## II. The Applicable Legal Standards

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant

---

[1] This action is subject to the rigorous requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997(e).

[2] The Court initially struck the amended complaint because it impermissibly added claims for various state law violations and punitive damages. The Court subsequently clarified at a motion docket that the complaint is deemed amended only to add claims for compensatory damages.

is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c). The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)).

When considering a motion for summary judgment, the court must view the facts in a light favorable to the non-moving party.[3] *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g., Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

A deprivation of medical care violates the Eight Amendment's prohibition on "cruel and unusual punishment" if the defendant has acted with deliberate indifference to a prisoner's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"[T]here is no deliberate indifference claim when the plaintiff challenges "the appropriateness of the treatment that was given than whether treatment was given at all."

---

[3] "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant' ... and draw 'all justifiable inferences ... in his favor ....'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979).

*Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

"A complaint that a physician has been negligent in [diagnosis or treatment] does not state a valid claim of [deliberate indifference because]. . . [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 104.

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir.1995). *First*, a plaintiff must adduce evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. *Second*, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970; *Campbell*, 169 F.3d at 1363.

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity." *Farrow v. West*, 320 F.3d 1235, 43 (11th Cir.2003), *citing Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 87 (11th Cir. 1994). In either of these situations, the need must be one that "if left unattended, poses a substantial risk of serious harm." *Farrow*, 320 F.3d at 1243.

A doctor's decision to take an easier and less efficacious course of treatment can constitute deliberate indifference. *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th

Cir. 1985).

Even if medical care is provided, a substantial and inordinate delay in treatment can raise a jury question as to whether deliberate indifference was shown towards a prisoner's serious medical need. *See Farrow*, 320 F.3d at 1246-47. Moreover, "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel*, 888 F.2d at 789.

"[T]here is no deliberate indifference claim where the plaintiff challenges "the appropriateness of the treatment that was given [rather] than whether treatment was given at all." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).

"[T]he need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need" in certain circumstances. *Farrow*, 320 F.3d at 1243. Particularly, the recognized need for denture treatment, the nature of his continuing problems, the length of the delay, and the lack of reasonable explanation for the delay, collectively may give validity to a claim of deliberate indifference to a serious need for dental care/treatment. *Id.* at 1247.

A claim based on an inmate plaintiff's desire to see a different physician because he disagrees with the diagnosis of the initial physician is not a viable claim of deliberate indifference. *See Adams,* at 1545.

There is no *respondeat superior* liability for a §1983 claim. *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001).

5

A private corporation providing medical services to state prison inmates acts "under color of state law," thus becoming the functional equivalent of a governmental entity. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Although the touchstone of a §1983 action against a government entity is an allegation that an "official policy" is responsible for a deprivation of rights protected by the Constitution, a private corporation may be sued "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through body's official decision making channels. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).

### III. The Undisputed Facts[4]

#### A. Plaintiff Ronald Spears

On May 17, 2001, Ronald Spears was taken to Cooper-Green hospital for heart complications and was placed in the intensive care unit. He underwent angioplasty and three stents were placed in his arteries. Cardiologist Ming Liu informed Spears that he would require a fourth stent within 30 days of discharge.

NaphCare did not send Spears for the surgical procedure to install the fourth stent until March 7, 2003 - almost 2 years later - after his condition had significantly worsened.

Spears's physicians prescribed several medications for him. The NaphCare's

---

[4] These "facts" are operative solely for purposes of the pending summary judgment motion. They are based on the plaintiffs' version of the facts; and at trial the factfinder may well reach a different conclusion concerning the actual facts. The recitation of the facts in this section indicates only that a reasonable jury *may* find these to be the actual facts.

pharmacy refused to fill the prescriptions as written, but substituted other medications.[5]

### B. Plaintiff Brooks Bishop

Brooks Bishop has had back problems for the last fifteen years - both in and out of prison. In 2001, Bishop requested that NaphCare arrange for an outside evaluation of his back by a Dr. Lyrene. NaphCare refused to do so.

Bishop also claims that NaphCare employee R. Otwell treated him for a tumor-like growth on his arm. Otwell's "treatment" resulted in the emergence of growths all over Bishop's body. Otwell is not a licensed physician; indeed, he only recently was licensed as a physician's assistant.[6]

### C. Plaintiff Alonzo Hurth

Hurth complains that he did not receive proper treatment for his hepatitis C condition. He acknowledges that Naphcare provided him with finger sticks to monitor his blood sugar level, a night snack, and a diabetic diet. This treatment, however, was obviously directed at

---

[5] When Spears was released from Carraway Methodist Hospital, he was prescribed Mevacore for cholesterol. His physician contacted NaphCare to make sure Spears would receive the exact medicine and stressed the importance of Spears' taking the medication at the times indicated.. Spears never received Mevacore, and instead was given a substitute. Spears repeatedly informed prison infirmary staff that he never received the proper medication, and on March 24, 2003 he filed a complaint concerning this failure. His complaint was returned, with a notation that the medication was on back order.

[6] Bishop has filed a separate lawsuit against Otwell in his individual capacity. The case is pending in another court.

Plaintiff's diabetes (hypoglycemia), not hepatitis C.

Hurth acknowledges that his liver was monitored for Hepatitis C in March and April of 2000; but he complains that it was not monitored regularly thereafter.

Hurth concedes that his physician has informed him that his hepatitis C condition may not be serious enough to warrant treatment. Nonetheless, he complains that he has not received Interferon/Ribavirin therapy. NaphCare has informed Hurth that because of his history of alcohol abuse and depression, he is disqualified for this therapy. Hurth cannot reasonably deny this history.

### D. Plaintiff Larry Singletary

On July 25, 2001, a Cardiolite Spec Scan (CSS) of Singletary showed evidence of abnormal heart function due to blockage in the arteries. For the next seventeen months, this condition went untreated. Singletary continuously complained of chest pains during that period.

One year after Singletary's CSS, he was sent to a hospital for a stress test. The stress test confirmed the cardiac abnormalities, and Singletary should have been forthwith scheduled to see a cardiologist.

Roughly six months later, in December 2002, Singletary was finally referred to a cardiologist at Carraway Methodist Hospital. Exploratory surgery was initiated; and a catherization procedure was performed in which three stents were placed in Singletary's heart.

NaphCare refused to provide Singletary with the medication Lipitor as prescribed by his cardiologist. NaphCare nurse refused to authorize the medication Mevacor, which was prescribed by another of Singletary's physicians. Instead, NaphCare substituted the drug Lopid for Mevacor, stating that the two drugs are equivalent medications.

NaphCare has ignored Singletary's request that his old medical records be retrieved.

As of the date its contract with ALDOC expired, NaphCare had ignored for fifteen months Singletary's request for the extraction of a sore tooth.

### E. Plaintiff Gregory Towner

Gregory Towner requested dentures some three and a half years before NaphCare finally provided them. In the interim, his gums frequently bled and were swollen. Because of the difficulty in eating, he lost weight.

### IV. Analysis

Despite its arguments to the contrary, NaphCare is liable to the Plaintiffs for deliberate indifference to any of the Plaintiff's known and serious medical needs. In this respect, and for purposes of this lawsuit, it stands in the shoes of the State of Alabama.

A reasonable factfinder could conclude that NaphCare was deliberately indifferent to the claim of Plaintiff Ronald Spears, based on the substantial and inordinate delay in treatment for his most serious cardiac problem. The delay caused his condition to worsen. The motion for summary judgment against him must be denied.

NaphCare is entitled to judgment as a matter of law on Plaintiff Brooks Bishop's claim that he was not allowed to see the physician of his choice. It is also entitled to summary judgment on his claim of negligence, in effect, based on the actions of NaphCare employee Otwell.

Alonzo Hurth's allegations stand on a different footing. He has not adduced substantial evidence that he has a serious medical condition. Basically, he is challenging he appropriateness of his treatment, rather than a failure of treatment. NaphCare is entitled to judgment as a matter of law on Hurth's claims.

The substantial delay in the treatment of Larry Singletary's serious health problem creates a deliberate indifference question for the jury.

Likewise, NaphCare's delay in providing dentures for Plaintiff Gregory Towner, coupled with his swollen and bleeding gums and weight loss, create a jury question of deliberate indifference.

By separate order, NaphCare's Motion For Summary Judgment will be granted against Plaintiffs Bishop and Hurth; it will be denied against Plaintiffs Spears, Singletary, and Towner.

Done this 27th day of March, 2004.

Chief United States District Judge
U.W. Clemon